# UNITED STATES DISTRICT COURT
# DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Administrative Subpoena No. 25-1431-019 | MBD No. _____ <br> **FILED UNDER SEAL** |

## BOSTON CHILDREN'S HOSPITAL'S
## MOTION TO FILE PLEADINGS UNDER SEAL

On June 11, 2025, the United States Department of Justice ("DOJ" or the "Government") served The Children's Hospital Corporation d/b/a Boston Children's Hospital ("BCH") with an administrative subpoena (the "Subpoena") under Section 248 of the Health Insurance Portability & Accountability Act of 1996 ("HIPAA") (18 U.S.C. § 3486). *See* BCH's Motion to Quash, Ex. 1. The Subpoena seeks highly sensitive information, including the names, social security numbers, medical records, and personal medical information of BCH patients (including minors), health care providers, and other personnel, via 15 requests for documents and communications related to the gender-affirming care provided by BCH. *See id.* at 5-7. The Subpoena purports to be investigating criminal health care fraud offenses specified in 18 U.S.C. § 24(a). *Id.* at 1.

Most criminal investigations are conducted under strict rules surrounding the secrecy of matters occurring before the grand jury. The grand jury secrecy rules prohibit public disclosure of an investigation in part to protect the reputation of people and entities under investigation, unless and until charges are filed. *See Gonzalez-Bernal v. United States*, 907 F.2d 246, 250 (1st Cir. 1990) ("Prior to an indictment, governmental authorities are under an obligation not to reveal the existence and nature of an investigation concerning individuals who are merely suspected of criminal activities."); *see also* U.S. Dep't of Just., Just. Manual § 1-7.400 (2018) (restricting the

1

disclosure of information concerning ongoing criminal, civil, or administrative investigations). That same principle should apply with equal force, if not greater, to a nascent criminal investigation commenced through the use of an administrative subpoena. Moreover, the public disclosure of the pleadings in this matter could cause harm to BCH patients and BCH clinicians by subjecting them to additional online intimidation tactics and threats of violence from those who oppose the provision of gender-affirming care. Sealing the pleadings in this matter would also be consistent with the intent of 18 U.S.C. § 3486, which provides for the issuance of an order prohibiting the disclosure of the existence of a subpoena if there is reason to believe that such disclosure may create safety risks and the possibility of witness intimidation. *See* 18 U.S.C. § 3486(a)(6)(B)(i) and (B)(iv). Accordingly, good cause exists to seal the entire docket in this matter, including all pleadings and court orders, and impound the same until further order of this Court.[1]

**ARGUMENT**

Courts routinely recognize that "the right to inspect and copy judicial records is not absolute," and that non-public, sensitive documents may be protected from public disclosure if "good cause" exists to keep that information confidential. *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978) ("Every court has supervisory power over its own records and files[.]"); Fed. R. Civ. P. 26(c). Good cause exists where the moving party demonstrates "the harm that would be sustained if the court did not allow the filing under seal." *Dunkin Donuts Franchised Restaurants, LLC v. Agawam Donuts, Inc.*, No. 07-11444, 2008 WL 427290 at *1 (D. Mass. Feb. 13, 2008) (citations omitted). Moreover, the presumptive right of public access may be more readily overcome if the filing relates to "issues where there is no tradition of public access, like

---

[1] To the extent the existence of this investigation into BCH becomes public, the basis for the sealing of these pleadings may be implicated and warrant revisiting by the parties.

2

motions about discovery matters." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) (citing *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 13 (1st Cir. 1986)).

Sealing is warranted in this matter to maintain the confidentiality of an ongoing criminal investigation. As a result of the grand jury secrecy rules embodied in the Federal Rules of Criminal Procedure, DOJ grand jury investigations are conducted confidentially and without publicity about the issuance of subpoenas. In order to protect innocent parties, there are criminal sanctions that can be imposed if the secret proceedings of a grand jury are exposed. These secrecy provisions exist in part in order to avoid a reputational stain on a person or entity merely from being the subject of a grand jury investigation. *See, e.g., Douglas Oil Co. of Cal. v. Petrol Stops Nw.*, 441 U.S. 211, 219 (1979) ("[B]y preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule"); *In re Petition for Ord. Directing Release of Recs.*, 27 F.4th 84, 87 (1st Cir. 2022) (quoting *Douglas Oil*'s description of the interests served by grand jury secrecy).

That principle applies with at least as much force in these circumstances, where the Government simply opted to commence its criminal investigation of BCH using one type of subpoena rather than another. The vehicle by which a criminal investigation has commenced is of little moment in the public eye – or in the minds of BCH employees, patients, and families, compared to their concern over the fact that a criminal investigation by DOJ is underway.

There is also good cause to the seal the pleadings in this matter because public disclosure of the pleadings is likely to exacerbate a sustained campaign of harassment and threats of physical violence that BCH and its personnel have experienced due to the gender-affirming care BCH provides. In recent years, BCH and its staff have faced an onslaught of bomb threats, online attacks, and the publication of personal information because of misinformation disseminated

3

online about its GeMS program and its provision of gender-affirming care more broadly. The October 2022 prosecution of Catherine Leavy by the Department of Justice for threatening to bomb BCH provides an example of the serious and persistent threats directed at BCH and its personnel. *See* Press Release, U.S. Attorney's Office, D. Mass, Westfield Woman Indicted for Alleged Hoax Bomb Threat Made to Boston Children's Hospital (October 7, 2022), https://www.justice.gov/usao-ma/pr/westfield-woman-indicted-alleged-hoax-bomb-threat-made-boston-childrens-hospital. According to the Government, Ms. Leavy called in a false bomb threat to BCH that placed the hospital in lockdown. *See id.* According to other public court papers in that case, the harassment of the care providers involved in the GeMS program included phone calls and emails threatening violence, death, and mass casualty attacks at BCH. *Application of Special Agent Brian Gutierrez in Support of an Application for Search Warrants*, *United States v. Leavy*, Dkt. No. 22-10271, (D. Mass. Oct. 6, 2022), ECF 1-1 at 2-3. The efforts to intimidate BCH and the people who work there continue to this day and led to the State of Massachusetts creating an address confidentiality program for BCH providers. Just two weeks ago, it was publicly reported that another threat was made against the hospital. *See Boston police investigating after threat called into Boston Children's Hospital*, Boston 25 News, (June 20, 2025, 10:20 PM), https://www.boston25news.com/news/local/boston-police-investigating-after-threat-called-into-boston-childrens-hospital/QP25GFGYXVBSXPG2SO6KRLBLNA/.

The public disclosure that the Government has commenced a criminal investigation of BCH related to gender-affirming care may well add fuel to an already volatile situation and cause an uptick in threats and harassment directed at BCH and its staff. This alone constitutes "good cause" to seal the docket in this matter. *See United States v. Caicedo Velandia*, No. 10-00288-01,

2019 WL 6913524 at *2 (E.D.N.Y. Dec. 19, 2019) ("[C]ourts routinely permit the continued sealing of information when its release threatens the safety of those involved.").

Sealing the docket in this matter would also be consistent with the intent of 18 U.S.C. § 3486, the statutory authority under which the Government issued this Subpoena. This statute allows for the issuance of an order prohibiting the disclosure of a subpoena issued pursuant to its terms if there is reason to believe that such disclosure may result in endangerment to the life or physical safety of any person or result in witness intimidation. *See* 18 U.S.C. § 3486(a)(6)(B)(i) and (B)(iv). While that provision contemplates the Government moving for such an order, its reasoning applies equally to a motion by the subpoenaed party in these unusual circumstances. Here, BCH, through the accompanying motion to quash the Subpoena is challenging the Government's basis for serving the Subpoena, including whether it was served for a "legitimate purpose" under *United States v. Powell*. *See* 379 U.S. 48, 57-58 (1964). This dynamic multiplies the risk that public airing of the pleadings could further incense hostile actors or those with designs to intimidate BCH and its personnel. Indeed, courts have exercised their discretion to "abrogate the right of public access where doing so was necessary to prevent judicial records from being used to gratify private spite or promote public scandal." *In re Gitto Glob. Corp.*, 422 F.3d 1, 6 (1st Cir. 2005) (citations and internal quotation marks omitted).

\* \* \*

For the foregoing reasons, BCH respectfully requests that the Court seal the entire docket in this matter and impound the same until further order of the Court.

## **REQUEST FOR ORAL ARGUMENT**

Pursuant to Local Rule 7.1(d), BCH respectfully requests oral argument on this Motion.

Dated: July 8, 2025

Respectfully submitted,

| | |
|---|---|
| */s/* Joshua S. Levy | */s/* Amanda Masselam Strachan |
| Joshua S. Levy | Amanda Masselam Strachan |
| BBO# 563017 | BBO# 641108 |
| ROPES & GRAY LLP | WILMER CUTLER PICKERING |
| 800 Boylston Street |   HALE AND DORR LLP |
| Boston, MA 02119 | 60 State Street |
| Telephone: (617) 951-7000 | Boston, MA 02109 |
| joshua.levy@ropesgray.com | Tel: (617) 526-6000 |
| | Fax: (617) 526-5000 |
| Douglas Hallward-Driemeier | amanda.masselamstrachan@wilmerhale.com |
| BBO# 627643 | |
| ROPES & GRAY LLP | Boyd Johnson* |
| 2099 Pennsylvania Avenue NW | Alan Schoenfeld* |
| Washington, DC 10036 | WILMER CUTLER PICKERING |
| Telephone: (202) 508-4600 |   HALE AND DORR LLP |
| douglas.hallward-driemeier@ropesgray.com | 7 World Trade Center |
| | 250 Greenwich Street |
| Brian R. Blais | New York, NY 10007 |
| BBO# 660601 | Tel.: (212) 230-8800 |
| ROPES & GRAY LLP | Fax: (212) 230-8888 |
| 1211 Avenue of the Americas | boyd.johnson@wilmerhale.com |
| New York, NY 10036 | alan.schoenfeld@wilmerhale.com |
| Telephone: (212) 596-9090 | |
| brian.blais@ropesgray.com | Brian M. Boynton* |
| | WILMER CUTLER PICKERING |
| |   HALE AND DORR LLP |
| | 2100 Pennsylvania Avenue NW |
| | Washington, DC 20037 |
| | Tel.: (202) 663-6000 |
| | Fax: (202) 663-6363 |
| | brian.boynton@wilmerhale.com |
| | |
| | *pro hac vice application pending* |
| | |
| | *Counsel for Plaintiff The Children's Hospital Corporation d/b/a Boston Children's Hospital* |

## LOCAL RULE 7.1 CERTIFICATION

Pursuant to Local Rule 7.1(a)(2), I hereby certify that counsel for BCH has conferred with counsel for the Government in a good faith effort to resolve or narrow the issues raised in this Motion. The Government has advised BCH that it will reserve taking a position on the Motion until it has an opportunity to review BCH's grounds for sealing as presented to the Court.

*/s/ Joshua S. Levy*
Joshua S. Levy

## **CERTIFICATE OF SERVICE**

I hereby certify that on July 8, 2025, the foregoing was filed under seal with the Clerk of the Court via electronic mail, and that a copy was served on counsel for the Defendant via electronic mail and First-Class U.S. Mail.

*/s/ Joshua S. Levy*
Joshua S. Levy