# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE: ADMINISTRATIVE SUBPOENA NO. 25-1431-019 | MBD NO. 25-mc-91324-MJJ<br><br>**FILED UNDER SEAL** |

## GOVERNMENT'S OPPOSITION TO BOSTON CHILDREN HOSPITAL'S MOTION TO SEAL DOCKET AND PLEADINGS

Without meeting the legal standard for sealing even its initial filing (or portions thereof) let alone the complete docket, Boston Children's Hospital ("BCH") asks to litigate the matter it initiated against the United States entirely in secret. In support of its extraordinary request, BCH relies entirely on (1) authority regarding grand jury investigations, which is not only inapposite but affirmatively undermines the argument it advances; and (2) wholly speculative concerns about harassment and "threats of physical violence" (seemingly based on a hoax that occurred three years ago) if it became publicly known that the government issued a subpoena to BCH. The hospital does not identify a source of law that would permit sealing, nor has it identified privileged, confidential, or sensitive pieces of information in the judicial records it seeks to seal that can overcome the presumption of public access. BCH's motion to permit it litigate behind closed doors should be denied in its entirety.

## ARGUMENT

"A case filed in federal court and the documents filed in the case are presumed to

be public." *Morgan v. Middlesex Sheriff's Office*, No. 14-cv-10659-IT, 2014 WL 4104173, at *6 (D. Mass. Aug. 13, 2014). The Supreme Court has long justified the public's right of access to proceedings such as this one so that Americans may "keep a watchful eye on the workings of public agencies." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978). Furthermore, the people's interest in their right of access is heightened when their government is litigating on their behalf. As this circuit's court of appeals has made clear, "[t]he appropriateness of making court files accessible is accentuated in cases where the government is a party: in such circumstances, the public's right to know what the executive branch is about coalesces with the concomitant right of the citizenry to appraise the judicial branch." *FTC v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987); *see also EEOC v. Nat'l Children's Ctr.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (noting that government agency was litigating party and objected to sealing, "strengthens the already strong case for access"); *Doe v. Public Citizen*, 749 F.3d 246, 271 (4th Cir. 2014) ("The interest of the public and press in access to civil proceedings is at its apex when the government is a party to the litigation."). Consequently, "only the most compelling reasons can justify non-disclosure of judicial records." *Standard Fin. Mgmt. Corp.,* 830 F.2d at 410; *see also SEC v. BioChemics, Inc.*, 435 F. Supp. 3d 281, 294 (D. Mass. 2020) (noting presumption that "public should have access to judicial records, meaning documents that are filed and play a part in the process of adjudication").

I.   **BCH Has Not Articulated a Valid Basis to Seal This Action**

"Using the normal tools of statutory interpretation, we begin, as always, with the text of the statute." *United States v. Winczuk*, 67 F.4th 11, 16 (1st Cir. 2023). Although the

text of 18 U.S.C. § 3486 has numerous privacy-related provisions, none authorize sealing a docket or keeping an administrative subpoena it authorizes a secret.

Indeed, section 3486 generally prohibits the government from disclosing or sharing "health information about an individual" that is obtained via such a subpoena, and generally prohibits the government from using protected health information about a patient against that patient. 18 U.S.C. § 3486(e). The statute allows the government—but not the subpoena recipient—to seek a nondisclosure order preventing the subpoena recipient from revealing the existence of the subpoena. 18 U.S.C. § 3486(a)(6).

Hence, Congress obviously had privacy on its mind when it enacted the statute, and could have provided for administrative subpoenas issued under this statute to remain secret, but it did not do so. Similarly, Congress obviously knows how to make similar investigative proceedings secret—such as with *qui tam* proceedings. *See* 31 U.S.C. §§ 3730(b)(2), (b)(3) (initial 60-day sealing period and government seal extension requests to permit confidential government investigation of allegations). But with HIPAA subpoenas, Congress specifically chose not to do so. Because courts must "presume that [Congress] says in a statute what it means and means in as statute what it says there," *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253–54 (1992), this Court's inquiry should begin and end with the statute.

Indeed, the fact that Congress chose to make grand jury investigations secret cuts against, not in favor of, BCH's arguments here. Because the courts and Congress have not elected to burnish administrative subpoenas with any secrecy, the generalized awareness that an administrative subpoena has been issued is simply not enough to justify sealing. *See United States v. ISS Marine Svcs., Inc.*, 905 F. Supp. 2d 121, 141 (D.D.C. 2012)

(unsealing record of administrative subpoena enforcement proceedings and noting that "revealing the fact that [the subpoena recipient] is the subject of some kind of government investigation" is "unavailing" as a reason to seal docket). what is at issue in this motion is not whether personal information of patients or employees will be exposed in this miscellaneous case—they will not—but rather whether the determination as to whether BCH must comply with the subpoena. This is especially true when one considers that what is at issue in this miscellaneous case is simply whether BCH must comply with a lawfully issued subpoena—not whether personal information or patients or hospital employees will be publicly exposed (of course, they will not). Rather, BCH's motion asks to seal the "documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings"—that is the "documents to which the presumption of public access applies." *United States ex rel. Nargol v. DePuby Orthopaedics, Inc.*, 69 F.4th 1, 15 (1st Cir. 2023).

The government recognizes the sensitive privacy interests at stake and will scrupulously adhere to the statute's privacy protections. But BCH essentially advances a rule that the entire proceeding should be secret merely because the subject matter is controversial and involves medical records. Many government enforcement actions are controversial, however, and virtually all medical files are sensitive in one way or another, which means that BCH's proposed exception would swallow the rule. Furthermore, if a medical provider could make a federal court proceeding secret by saying that she might lose patients because of the case, all medical providers would be entitled to sealed dockets in nearly every proceeding involving medical procedures.

Here, BCH is already widely known as a provider of gender-related care. It is also widely known that the Attorney General has directed the Department of Justice to investigate whether there have been violations of federal law with regard to the provision of such care to minors. BCH's papers do not establish that public disclosure of this litigation (that BCH itself initiated) would itself worsen or increase the risks it already faces. The existence of a governmental investigation into these practices has precious little to do with any harm that flows from BCH's already prominent visibility in this arena.

Certainly, BCH has not identified any specific harm that outweighs the extremely strong interests in public access at issue. *Chikel v. Steward Health Care Sys., LLC*, No. 18-CV-10959-ADB, 2018 WL 11463444, at *2 (D. Mass. Nov. 7, 2018) ("Plaintiff's generalized concern about retaliation lacks any particularized factual demonstration of potential harm that she would sustain in the absence of sealing her case file and, thus, does not demonstrate good cause."); *Hui v. Fed. Rsrv. Bank of New York*, No. 1:24-CV-6788-GHW, 2025 WL 1294860, at *3 (S.D.N.Y. May 4, 2025) ("Plaintiff's privacy and reputational interests do not justify sealing the case in its entirety."). BCH describes how it was the victim of a hoax bomb threat some three years ago related to its gender program and how more recently that a non-specific threat was made against the hospital (there is no indication, however, that it anything to do with gender care). Mot. at 4. But the hospital fails to provide any specific factual connection between these incidents and its motion to quash. This is simply not enough to seal this Court's judicial records because BCH "must provide 'a particular factual demonstration of potential harm'" to prevail. *Ferring Pharm. v. Braintree Labs., Inc.*, 215 F. Supp. 3d 114, 127 (D. Mass. 2016) (quoting *Standard Fin. Mgmt. Corp.*, 830 F.2d at 412).

Finally, as other district courts have recognized, the Judicial Conference of the United States has emphasized in a policy statement on sealed cases that federal courts should seal cases only upon a showing of extraordinary circumstances and that "sealing an entire case file is a last resort." *In re Platinum & Palladium Commodities Litig.*, 828 F. Supp. 2d 602, 603–04 (S.D.N.Y. 2011) (quoting Judicial Conference Policy on Sealed Cases, *available at* https://www.uscourts.gov/sites/default/files/judicialconferencepolicysealedcivilcases2011.pdf); *see also Black v. Emerson,* No. 25-CV-01035-WJM-NRN, 2025 WL 1635264, at *3 (D. Colo. June 9, 2025) ("sealing an entire case is a last resort … when justified by a showing of extraordinary circumstances"); *Publiano v. Grace Holmes, Inc.*, No. 2:11-CV-OI562, 2012 WL 1866380, at *1 & n.1 (W.D. Pa. May 22, 2012) (same). BCH has not shown that extraordinary circumstances exist to warrant the "last resort."

## II.  BCH Has Not Articulated a Valid Basis to Seal Its Filings

Because BCH has not met its high burden to seal the entire docket, its argument for sealing its initial filings collapses. Although BCH mentions specific patient privacy issues and talks about inadvertent disclosure, these arguments are entirely misplaced as they relate to the documents at issue—BCH's current court filings mention exactly zero specific patients, have zero protected health information in them, and the government would be prohibited from publicly disclosing specific patient information anyway. 18 U.S.C. § 3486(e).

BCH's only real argument is that the fact of the administrative subpoena's existence should not be revealed—not that there is anything that actually meets the standard for sealing in any of its particular filings. *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) ("Parties seeking to seal documents must explain, on a

document-by-document basis, why sealing is required and how their request satisfies the applicable legal standard."). Because BCH has not met the standard for sealing any particular document, its motion should be denied on this basis as well.

## CONCLUSION

The government respectfully requests that the Court deny BCH's motion to seal in its entirety. The government stands ready to meet and confer with BCH about sealing or redacting any actual protected health information of patients in the parties' future filings.

Dated this 22nd day of July, 2025.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JORDAN C. CAMPBELL
Deputy Assistant Attorney General

LISA K. HSIAO
Acting Director
Consumer Protection Branch

 /s/ Ross S. Goldstein
ROSS S. GOLDSTEIN
PATRICK R. RUNKLE
Assistant Directors
SCOTT DAHLQUIST
Trial Attorney

U.S. Department of Justice
Consumer Protection Branch
P.O. Box 386
Washington, DC 20044
Tel: (202) 353-4218
ross.goldstein@usdoj.gov

# CERTIFICATE OF SERVICE

I hereby certify that on this 22nd day of July, 2025, I cause a true and correct copy of the foregoing Opposition to Boston Children's Hospital Motion to Seal to be served via email, pursuant to Fed. R. Civ. P. 5(b)(2)(E) on the following counsel, who have consented in writing to electronic service by email:

Joshua S. Levy
ROPES & GRAY LLP
800 Boylston Street
Boston, MA 02119
Joshua.levy@ropesgray.com

Douglas Hallward-Driemeier
ROPES & GRAY LLP
2099 Pennsylvania Avenue, NW
Washington, DC 20006
douglas.hallward-driemeier@ropesgray.com

Brian R. Blais
ROPES & GRAY LLP
1211 Avenue of the Americas
New York, NY 10036
brian.blais@ropesgray.com

Amanda Masselam Strachan
WILMER CUTLER PICKERING HALE & DORR LLP
60 State Street
Boston, MA 02109

Boyd Johnson
Alan Schoenfeld
WILMER CUTLER PICKERING HALE & DORR LLP
7 World Trade Center
250 Greenwich Street
New York, NY 10007
boyd.johnson@wilmerhale.com
alan.schoenfeld@wilmerhale.com

Brian M. Boynton
WILMER CUTLER PICKERING HALE & DORR LLP
2100 Pennsylvania Avenue, NW
Washington, DC 20037
brian.boynton@wilmerhale.com

/s/ Ross S. Goldstein