# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Administrative Subpoena No. 25-1431-019 | No. 1:25-mc-91324-MJJ<br>**FILED UNDER SEAL** |

**BOSTON CHILDREN'S HOSPITAL'S**
<u>**REPLY BRIEF IN SUPPORT OF ITS MOTION TO QUASH**</u>

**TABLE OF CONTENTS**

Page

I. The Subpoena Was Issued for an Improper Purpose ................................................................1

II. DOJ Fails to Justify the Breadth and Burden of the Subpoena................................................5

# TABLE OF AUTHORITIES

Page(s)

## CASES

*Doe v. United States,* 253 F.3d 256 (6th Cir. 2001)..................................................................5

*In re Sealed Case (Administrative Subpoena)*, 42 F.3d 1412 (D.C. Cir. 1994)..............................5

*In re Subpoena Duces Tecum*, 228 F.3d 341 (4th Cir. 2000) ..........................................................5

*U.S. Dep't of Just. v. Ricco Jonas,* 24 F.4th 718 (1st Cir. 2022) .....................................................1

*United States v. Markwood*, 48 F.3d 969 (6th Cir. 1995).................................................................3

*United States v. Powell,* 379 U.S. 48 (1964) ..................................................................................1

*United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813
    (8th Cir. 2012)..................................................................................................................3

## STATUTES, RULES, AND REGULATIONS

18 U.S.C. § 1347..............................................................................................................................4

## OTHER AUTHORITIES

DOJ, *Department of Justice Subpoenas Doctors and Clinics Involved in
    Performing Transgender Medical Procedures on Children*, (July 9, 2025),
    https://tinyurl.com/5nnkdkyt......................................................................................................3

FTC, *The Dangers of "Gender-Affirming Care" for Minors*, (July 9, 2025),
    https://tinyurl.com/mrap7e2f ......................................................................................................3

*President Trump Promised to End Child Sexual Mutilation — and He Delivered*,
    The White House (July 25, 2025), https://tinyurl.com/2dhcwjdd ......................................1

*Protecting Children from Chemical and Surgical Mutilation*, The White House
    (Executive Order No. 14187) (Jan. 28, 2025),
    https://tinyurl.com/mwadx9cw ..................................................................................2

DOJ's Response confirms that the challenged subpoena was issued as part of an improper effort by the federal government to regulate the practice of medicine and end the provision of GAC, even where it is legal under state law. Disregarding established principles of federalism, DOJ argues (at 9) that if it is proper for a state to ban GAC for minors, then "the Executive Branch is obviously permitted to pursue the same policy goal within the bounds of the law." But Congress has not delegated that authority to the Executive Branch, and a politically motivated intrusion into an area of traditional state responsibility is not a proper purpose for a subpoena. Notably, DOJ is unable to articulate any federal crime that it believes BCH might have committed or even witnessed. All it can muster is a series of citations to federal laws and the vague assertion that unspecified "conduct in this general area may be illegal." Opp. 8. These unelaborated justifications are obviously pretextual. Put simply, this is a fishing expedition to try to pressure and intimidate BCH and other hospitals to stop providing GAC. And the current Administration is publicly congratulating itself for the success of its intimidation campaign, with the White House recently touting that 18 hospitals had curtailed their GAC programs as a result of the Administration's efforts.[1] This subpoena is a prototypical example of bad faith, and its breadth and burden are not outweighed by any imagined relevance to potential health care fraud. This Court should grant BCH's motion to quash in its entirety.

I. **THE SUBPOENA WAS ISSUED FOR AN IMPROPER PURPOSE**

DOJ does not dispute that an administrative subpoena is enforceable only if it is issued for an authorized purpose. *U.S. Dep't of Just. v. Ricco Jonas,* 24 F.4th 718, 726 (1st Cir. 2022); *United States v. Powell,* 379 U.S. 48, 58 (1964) (administrative subpoena not enforceable if "issued for an improper purpose"). Nor does DOJ dispute that the regulation of the practice of medicine is

---

[1] *See President Trump Promised to End Child Sexual Mutilation — and He Delivered*, The White House (July 25, 2025), https://tinyurl.com/2dhcwjdd.

generally left to the states in our federal system.  *See* Mem. 5-6.  Indeed, DOJ concedes that the FDCA—the primary federal statute under which it purports to be investigating—"does not generally regulate the practice of medicine." Opp. 11.  Thus, if regulating the practice of medicine is the true purpose of the subpoena, then it is plainly improper.

Yet, DOJ essentially confirms that the subpoena was issued as part of an effort by the federal government to do just that.  DOJ does not dispute that the subpoena was issued pursuant to Attorney General Bondi's April 22, 2025 memo stating that DOJ would bring GAC "to an end" and President Trump's Executive Order No. 14187 calling for the same outcome.  Mem. 7-9.  To the contrary, DOJ concedes that the subpoena was issued at "the actual direction [of] the Attorney General." Opp. 5.  DOJ argues that the federal government "is obviously permitted to pursue the same policy goal" as states because "eliminating gender-related pharmaceutical and surgical treatments of minors is a rational governmental purpose that is not improper at all." Opp. 9.  In fact, DOJ tries to justify its investigation on the ground that certain medical standards governing health care for transgender people are based "on insufficient evidence." Opp. 10 (citing criticisms of certain medical standards on transgender care from Justice Thomas's concurrence in *Skrmetti* as a "basis of the investigation"); *see also id.* at 11 (referencing "purported treatment guidelines based on false or insufficient evidence").  It argues that there is a "lack of consensus over the efficacy and ethics of pediatric sex transition treatments." Opp. 10.[2]  The inescapable conclusion is that the subpoena is part of a campaign to regulate and end the provision of GAC, decisively ending this medical debate, not a part of any lawful or appropriate federal criminal investigation.

Remarkably, since BCH filed its motion, the federal government has provided

---

[2] Justice Thomas's *Skrmetti* concurrence, Opp. 10-11, cannot justify this investigation of BCH. The concerns raised (providing pharmaceuticals to minors, legitimacy of treatment guidelines, and potential side effects) are areas left to the states to regulate.

2

unmistakable evidence that it is driving towards the elimination of GAC by intimidating hospitals, providers, and patients. One of the DOJ supervisors of this investigation recently spoke at a Federal Trade Commission conference on "The Dangers of 'Gender-Affirming Care' for Minors." When another panelist noted that given the DOJ investigations into GAC "there's a very good chance [GAC] will stop even in blue states," the DOJ supervisor responded: "Working on it."[3] As noted, last Friday, the White House issued a statement touting that President Trump had "delivered" on his campaign promise to try to end the provision of GAC. *See supra* n.1. And in order to further send a clear and chilling message to GAC providers, the Attorney General took the unprecedented step of publicly announcing that DOJ had "sent more than 20 subpoenas to doctors and clinics involved in performing transgender medical procedures on children."[4] She proceeded to single out providers of this care by adding that "[m]edical professionals [who] mutilate[] children in the service of a warped ideology will be held accountable." Putting aside the likely violation of DOJ policy and state bar disciplinary rules, the Attorney General made crystal clear the true, improper purpose behind the subpoena to BCH.

Using a pretextual criminal investigation to end GAC by intimidating providers and patients is improper and evidence of bad faith.[5] *See United States v. Markwood*, 48 F.3d 969, 978 (6th Cir. 1995) (explaining that subpoenas may be resisted if issued in bad faith). Reaching this

---

[3] *See* FTC, *The Dangers of "Gender-Affirming Care" for Minors*, at 29 (July 9, 2025), https://tinyurl.com/mrap7e2f.

[4] *See* DOJ, *Department of Justice Subpoenas Doctors and Clinics Involved in Performing Transgender Medical Procedures on Children*, (July 9, 2025), https://tinyurl.com/5nnkdkyt.

[5] DOJ claims that there is no bad-faith exception to enforcement of administrative subpoenas, but the cases it cites clearly establish one. Opp. 6. For example, in *Whispering Oaks*, the court noted that "allegations about the Government trying to harass or discriminate" could "establish[] bad faith." *United States v. Whispering Oaks Residential Care Facility, LLC*, 673 F.3d 813, 819 (8th Cir. 2012).

conclusion requires nothing more than accepting the government's own statement (Opp. 5) that the subpoena was issued pursuant to the directives from the Attorney General and the President to "end" the provision of GAC, *i.e.* achieve a policy goal outside the Executive's authority.

In search of a legitimate purpose, DOJ claims (at 5) that the subpoena was issued as part of an investigation into either false claims or misbranding by drug manufacturers (not BCH) and recites a number of related federal statutes. But DOJ's insinuation that BCH may have violated one of the statutes it identifies is wholly speculative and unsupported. DOJ does not identify *any facts or allegations* suggesting that BCH might have committed a crime—the DOJ brief does not identify a single false statement that BCH may have made, even suggest how a payor may have been defrauded with respect to coverage of lawful care, or explain how BCH could have engaged in off-label promotion. DOJ does not dispute that the off-label *use* of pharmaceuticals is entirely lawful. *See* Mem. 16-17. Nor does DOJ explain how BCH could have unlawfully dispensed drugs for use in GAC: The drugs at issue are approved by FDA and may be lawfully dispensed pursuant to a prescription. Finally, DOJ cites no federal statute falling within the definition of a "federal health care offense" that would criminalize statements by doctors to patients regarding lawful medical treatment. *See* Opp. 11 (incorrectly asserting that provision governing fraud on a "health care benefit program," 18 U.S.C. § 1347, applies to doctors' communications to patients).

DOJ now asserts (at 13) that BCH might merely be a witness to potential crimes by others, such as drug companies, BCH's own employees, or unspecified "other people or entities." But DOJ does not identify any acts by unspecified third parties that might be unlawful or explain how BCH might be a relevant witness. DOJ does not even attempt to justify the subpoena's broad and intrusive requests for BCH patient and provider records on this theory. Nor could it given the clear irrelevance of BCH patient and personnel files to the federal health care crimes DOJ hypothesizes.

DOJ's inability to articulate a plausible theory of criminal liability confirms that its asserted interests are pretextual and that DOJ is engaged in a search for "wrongdoing, as yet unknown," *In re Sealed Case (Administrative Subpoena)*, 42 F.3d 1412, 1418 (D.C. Cir. 1994). At a minimum, the extraordinary circumstances here justify permitting discovery and holding an evidentiary hearing to ascertain whether this subpoena was properly issued. *See* Mem. 17.

## II. DOJ FAILS TO JUSTIFY THE BREADTH AND BURDEN OF THE SUBPOENA

DOJ does not dispute that the court must "balanc[e] the likely relevance of documents against the burden of their production." *Doe v. United States,* 253 F.3d 256, 268 (6th Cir. 2001). But DOJ fails to explain how the extraordinary burdens imposed by the subpoena are justified in light of the at best minimal relevance of the records sought. DOJ argues (at 14-15) that BCH's concern about the requests for highly sensitive patient materials is overblown because the statute provides privacy protection for patient materials and such information is frequently sought and obtained in federal healthcare investigations. But as BCH has already explained, disclosing this information, especially as it relates to the politically charged topic of GAC, intrudes on the intensely private decision between patients and doctors and undermines patient trust and confidence. Mem. 20. And DOJ provides no explanation for why these sensitive materials are sufficiently relevant here to justify "the burden of their production." *Doe*, 253 F.3d at 268.

DOJ claims (at 13) that BCH has not identified "how the specific requests ... actually run afoul of the statute or governing law." In fact, BCH challenged not only the intrusive request for all patients and provider records but also the subpoena's expansive time frame, scope (which sought "any" and "all" documents across all facets of BCH), and definition of BCH and "employee." Mem. 19. BCH thus clearly explained how the subpoena is not "suitably specific [or] properly limited in its scope." *In re Subpoena Duces Tecum*, 228 F.3d 341, 349 (4th Cir. 2000).

For the foregoing reasons, the Court should quash the subpoena.

Dated: July 29, 2025                                    Respectfully submitted,

/s/ Joshua S. Levy                                      /s/ Amanda Masselam Strachan
Joshua S. Levy                                          Amanda Masselam Strachan
BBO# 563017                                             BBO# 641108
ROPES & GRAY LLP                                        WILMER CUTLER PICKERING
800 Boylston Street                                         HALE AND DORR LLP
Boston, MA 02119                                        60 State Street
Telephone: (617) 951-7000                               Boston, MA 02109
joshua.levy@ropesgray.com                               Tel: (617) 526-6000
                                                        Fax: (617) 526-5000
Douglas Hallward-Driemeier                              amanda.masselamstrachan@wilmerhale.com
BBO# 627643
ROPES & GRAY LLP                                        Boyd Johnson (*pro hac vice*)
2099 Pennsylvania Avenue NW                             Alan Schoenfeld (*pro hac vice*)
Washington, DC 10036                                    WILMER CUTLER PICKERING
Telephone: (202) 508-4600                                   HALE AND DORR LLP
douglas.hallward-                                       7 World Trade Center
driemeier@ropesgray.com                                 250 Greenwich Street
                                                        New York, NY 10007
Brian R. Blais                                          Tel.: (212) 230-8800
BBO# 660601                                             Fax: (212) 230-8888
ROPES & GRAY LLP                                        boyd.johnson@wilmerhale.com
1211 Avenue of the Americas                             alan.schoenfeld@wilmerhale.com
New York, NY 10036
Telephone: (212) 596-9090                               Brian M. Boynton (*pro hac vice*)
brian.blais@ropesgray.com                               WILMER CUTLER PICKERING
                                                            HALE AND DORR LLP
                                                        2100 Pennsylvania Avenue NW
                                                        Washington, DC 20037
                                                        Tel.: (202) 663-6000
                                                        Fax: (202) 663-6363
                                                        brian.boynton@wilmerhale.com


                                                        *Counsel for Plaintiff The Children's Hospital*
                                                        *Corporation d/b/a Boston Children's Hospital*