UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE ADMINISTRATIVE SUBPOENA<br>NO. 25-1431-019 | Case No.: 1:25-MC-91324-MJJ<br><br>GOVERNMENT'S REPLY IN SUPPORT<br>OF ITS MOTION TO ALTER OR AMEND<br>(Leave to file granted 10/27/25) |

The Government respectfully submits this brief reply in support of its motion.

## ARGUMENT

**1. BCH and the States' Discussions of Off-Label Law Are Red Herrings**

The Government largely agrees with significant sections of BCH's and the State amici's discussions of off-label prescribing—which is essentially an atextual exception to the FDCA that the Government agrees exists. However, the Government disagrees that it is asking the Court to do anything other than construe the FDCA statutory text according to its plain terms in order to determine the Government's general statutory authority to *investigate*. The Government has the authority to investigate the shipment and provision of FDA-regulated drugs—including those intended for off-label use—to ensure they comply with federal law.

Even though the Government is not attempting to criminalize the common phenomenon of off-label prescribing, BCH insists that it is, and appears to argue that BCH should be able to take advantage of physicians' ability to write off-label prescriptions in order to avoid complying with the subpoena. This is triply wrong. *First*, BCH does not locate an exemption in the law as to BCH and *its* conduct. BCH's authorities—every single one of them as far as the Government can tell—discuss the ability of "doctors," "physicians," "health care professionals," "health care practitioners," and "medical professionals" to prescribe FDA-regulated drugs off-label. But

1

BCH is not any of these things, and neither are pharmaceutical companies. Unless and until the Government attempts to bring an enforcement action against a *physician* for off-label *prescribing*, the dozens of pages of BCH's and the State amici's discussions on the topic are largely irrelevant. The only potentially relevant statute BCH cites, 21 U.S.C. § 396, is about "health care practitioners" prescribing and administering medical *devices*—but the drugs at issue in this investigation are drugs, not devices, and the implantable puberty blocker BCH mentions is regulated as a drug, not a device. *See* Supprelin Drug Approval Package, available at https://www.accessdata.fda.gov/drugsatfda_docs/nda/2007/ 022058_supprelin_la_toc.cfm. Among other things, the fact that Congress wrote a specific off-label exemption for devices into the statute, but did not write a similar exemption for drugs, must have some meaning—even though the Government agrees a physician can obviously prescribe off-label in good faith to treat patients. *See Barnhart v. Sigmon Coal Co.*, 534 U.S. 438, 452 (2002).

*Second*, BCH simply cannot explain how the Government lacks the ability to investigate FDA-regulated drugs shipped in interstate commerce that may be misbranded because they were promoted for an off-label use—because there is no such explanation. The FDCA exists exactly to provide federal oversight over potentially misbranded drugs.

*Third*, this theoretical debate is the reason that an agency's authority to regulate cannot be litigated in an administrative subpoena matter. *United States v. Sturm, Ruger & Co.*, 84 F.3d 1, 5 (1st Cir. 1996) ("We have repeatedly admonished that questions concerning the scope of an agency's substantive authority to regulate are not to be resolved in subpoena enforcement proceedings."). If the principles that BCH and the States advance in order to limit the

Government's authority to investigate were so clear, they would not have needed to file nearly 50 pages of briefs on the topic in the past week.

Even accepting the BCH and State criticisms of the Government's legal theories, however, BCH still seems to agree that it could have been the recipient in interstate commerce of a misbranded drug—which is what results if a prescription drug is promoted or intended for off-label use by the entity that markets or ships it. If such an unlawful shipment occurred, BCH or BCH personnel could have aided and abetted that act, 18 U.S.C. § 2, or conspired with others to obtain its commission, 18 U.S.C. § 371—or BCH simply could have been a witness to the illegal shipment and then given those misbranded drugs to patients. If the Government can investigate off-label promotion of drugs and their interstate shipment—which the Court and BCH both seem to agree it can—the Government can also *ipso facto* investigate the circumstances under which hospitals received those unlawful shipments and what happened to those unlawful drugs after they were received. BCH and the States, however, seem to believe that the Government must show a one-to-one relevance match between each potentially responsive document and a criminal legal theory that SCH and the States like.[1] That is not the law. *United States v. Golden Valley Elec. Ass'n*, 689 F.3d 1108, 1113-14 (9th Cir. 2012) ("The relevance requirement is not

---

[1] BCH also argues that the Civil Division of the Department of Justice cannot investigate its potentially fraudulent billing practices. The Assistant Attorney General's authority is broader here given the fact that the Attorney General specifically assigned these investigations to the Civil Division. 28 U.S.C. § 0.13(a). But even accepting the FDCA limitation, documents about fraudulent billing of off-label pharmaceuticals using on-label billing codes could be relevant to, among other things, BCH's state of mind when it received potentially unlawful shipments. *See* 21 U.S.C. § 331(c) (describing a "good faith" exception to misdemeanor liability for receiving adulterated or misbranded drugs in interstate commerce).

especially constraining. . . . The information subpoenaed does not need to be relevant to a crime; in fact, it may be used to dissipate any suspicion of a crime.").

In sum, BCH is asking the Court for the unprecedented legal rulings, not the Government—as a notable legal publication recently recognized when it analyzed this Court's previous opinion. Law360, "Mass. Ruling May Pave New Avenue to Target Subpoenas" (Oct. 14, 2025) (Ex. A) (describing this Court's September 9 opinion as a "significant departure" in administrative subpoena law that "contrasts with prior precedent").

### 2. The Government's Motion Is Timely and Proper.

Contrary to BCH's arguments, the Government's motion is timely and proper. Assuming the Local Rule provisions BCH cites fully apply to this special proceeding,[2] the Government respectfully requests that the Court exercise its discretion to vary those rules due to the extremely non-prejudicial nature of the purported violations and the weight of the issues involved.

*First*, as to the 6 p.m. filing deadline on October 7, the Government made its filing at 10:30 p.m. on the appropriate day, and BCH does not identify any prejudice from the late filing. In similar circumstances, courts in this District have excused filings made after the 6 p.m. deadline. *Soo v. Bone Biologics Corp.*, No. 19-CV-11520-ADB, 2021 WL 1391458, at *4 (D. Mass. Apr. 13, 2021) (collecting five cases where courts in this District excused late filings

---

[2]It is unclear whether all of the Local Rules that apply to civil actions (including L.R. 5.4 and 7.1) apply to a miscellaneous proceeding to quash an administrative subpoena. While the Federal Rules of Civil Procedure specifically state in Rule 81 that the Federal Rules apply in subpoena enforcement proceedings, the Local Rules do not contain such a provision and, in fact, only specifically extend the coverage of some civil local rules to non-civil cases. *See* L.R. 112.1. In order to harshly penalize the Government as BCH suggests, it would need to be completely clear that every aspect of the relevant Local Rules apply.

4

based on minimal prejudice). Furthermore, given the less formal, non-ECF nature of the sealed filings that occurred earlier in this case, which did not seem subject to a 6 p.m. deadline, it would be unfair to enforce a 6 p.m. electronic filing deadline in the middle of a case to deprive the Government of its right to obtain review by this Court of its earlier judgment. The Government requests that the Court vary the Local Rule in these special circumstances to find the Rule 59(e) motion was timely. *Id*. To the extent the rule applies in this matter, the Government regrets the error and will adhere to the rule in the future.

*Second*, as to the certificate of conference, the Government complied with the text of the requirement in Local Rule 7.1(a)(2) that a motion be accompanied by a certificate indicating that the parties conferred over "the issue" involved in the motion. As BCH stated in its motion in July, the parties conferred and were unable to narrow the issues between them. Those same issues remain between them today, as the Government's briefing simply asks for the Court to reconsider issues that were already aired. In September 2025, BCH also put out a public statement fully approving of the Court's opinion, which served as further confirmation to the Government that no change in the parties' positions was possible. In analogous circumstances, courts in this District have excused noncompliance on numerous occasions where "it does not appear that a pre-motion conference between the parties would have changed the parties' fundamental positions" and "the motion is one of considerable significance." *Sun Cap. Partners III, LP v. New England Teamsters & Trucking Indus. Pension Fund*, 329 F.R.D. 102, 105 (D. Mass. 2018). The Government respectfully asks the Court to apply the same principle here.

5

        BRETT A. SHUMATE
        Assistant Attorney General

        JORDAN C. CAMPBELL
        Deputy Assistant Attorney General

        LISA K. HSIAO
        Acting Director

        */s/ Patrick R. Runkle*
        ROSS S. GOLDSTEIN
        PATRICK R. RUNKLE
        Assistant Directors
        SCOTT DAHLQUIST
        Trial Attorney

        U.S. Department of Justice
        Enforcement and Affirmative Litigation Branch
        P.O. Box 386
        Washington, DC 20044
        Tel: (202) 532-4723
        patrick.r.runkle@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on October 27, 2025, the foregoing was filed with the Clerk of the Court via ECF, and thereby a copy was served on counsel for BCH.

        */s/ Patrick R. Runkle*
        Patrick R. Runkle