## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In Re: Administrative Subpoena No. 25-1431-019 | Civil Action No. 1:25-mc-91324-MJJ |

## BOSTON CHILDREN'S HOSPITAL'S NOTICE REGARDING DOJ'S NOTICE OF APPEAL

On November 7, 2025, the U.S. Department of Justice ("DOJ") filed a notice of appeal (Dkt. No. 46) of this Court's September 9, 2025 order (Dkt. No. 33) granting the motion to quash filed by Boston Children's Hospital ("BCH"). Because DOJ's pending Motion to Alter or Amend (Dkt. No. 35) the Court's September 9, 2025 order was not filed within the time limits for such motions, DOJ's notice of appeal transfers jurisdiction to the court of appeals and precludes this Court from granting the Motion. As explained below, the Court could still *deny* the Motion to Alter or Amend on the merits, even though the Motion was untimely, but because of the filing of the notice of appeal, the Court would lack authority to *grant* the Motion unless the Court first concluded that the Motion was timely when it was initially filed and thus prevented the notice of appeal from shifting jurisdiction to the court of appeals.

"As a general rule, '[t]he filing of a notice of appeal is an event of jurisdictional significance -- it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.'" *Colon-Torres v. Negron-Fernandez*, 997 F.3d 63, 74 (1st Cir. 2021) (quoting *Griggs v. Provident Consumer Disc.*, 459 U.S. 56, 58 (1982) (per curiam)). Absent an applicable exception to this general rule, DOJ's

filing of the notice of appeal here would divest this Court of jurisdiction to revisit its September 9, 2025 order, as DOJ has requested in its Motion to Alter or Amend.

Federal Rule of Appellate Procedure 4(a)(4)(A) could have provided such an exception, but would have done so only if DOJ's Motion to Alter or Amend had been timely filed.  Fed. R. App. P. 4(a)(4)(A) provides that "[i]f a party files in the district court" a motion under Rule 59 or Rule 60 of "the Federal Rules of Civil Procedure—*and does so within the time allowed by those rules*—the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."  (Emphasis added.)  Fed. R. App. P. 4(a)(4)(B)(i) further provides that "[i]f a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered."

Thus, if DOJ's Motion to Alter or Amend had been filed "within the time allowed by" Rules 59 and 60, then the time for filing the notice of appeal would have been tolled and the notice of appeal filed by DOJ on November 7, 2025 would not become "effective" until the Court rules on the Motion to Alter or Amend.  But as BCH explained in its opposition to the Motion to Alter or Amend, that motion was not timely because it was filed after 6:00 pm on the last day for filing, in violation of Local Rule 5.4.  *See* Dkt. No. 38 at 4 (explaining that Federal Rule of Civil Procedure 6(a)(4) specifies that the deadline to make a timely filing on the "last day" of a filing period set by the Federal Rules can be set by local rule).

In its reply brief (Dkt. No. 44) in support of its Motion to Alter or Amend, DOJ provided no persuasive argument that its Motion to Alter or Amend was timely filed.  In a footnote, DOJ says that it "is unclear whether" the Local Rules apply to this miscellaneous action.  Dkt. No. 44

at 4 n.2.  To the contrary, Local Rule 1.2(a) expressly provides that "[t]hese local rules shall apply to *all* proceedings in the United States District Court for the District of Massachusetts." (Emphasis added.)  DOJ also seems to suggest that Local Rule 5.4 applies only in civil cases, Dkt. No. 44 at 4 n.2, but DOJ concedes that proceedings relating to subpoena enforcement are governed by the Federal Rules of Civil Procedure, *see* Fed. R. Civ. P. 81; Dkt. No. 44 at 4 n.2. And, in any event, it is plain on the face of Local Rule 5.4 that its application is not limited to civil cases.  *See* Local Rule 5.4(g)(2) (referencing "criminal case" filings); *see also United States v. Medoff*, 766 F. Supp. 3d 153, 172 (D. Mass. 2025) (applying Local Rule 5.4 in a criminal case).

Indeed, DOJ's primary argument in its reply brief is not that the Motion was timely but that there was "no prejudice" to BCH and that the Court should "excuse" the untimely filing. *See* Dkt. No. 44 at 4 ("BCH does not identify any prejudice from the late filing.  In similar circumstances, courts in this District have excused filings made after the 6 p.m. deadline.").  But while this Court might have had discretion to "excuse" the untimely filing for purposes of considering the Motion to Alter or Amend if jurisdiction had not already transferred to the court of appeals, doing so would not render the Motion filed "within the time allowed by" the rules for purposes of Fed. R. App. P. 4(a)(4)(A).  The Motion would still have been untimely; the Court would have simply decided there were grounds to excuse the untimeliness.

Moreover, the Court cannot excuse the late filing now that the notice of appeal has been filed.  Because, as BCH has contended, the Motion to Alter or Amend was untimely, then DOJ's notice of appeal was "effective" when filed (not upon disposition of the Motion to Alter or Amend), and immediately divested this Court of jurisdiction to revisit its prior September 9,

2025 order.[1]  At a minimum, the uncertainty surrounding whether excusing the late filing would make the Motion timely filed for purposes of Fed. R. App. P. 4(a)(4)(A), and thus preserve this Court's jurisdiction, is a further reason *not* to exercise discretion to excuse the late filing.[2]

Because the jurisdictional question presented by DOJ's filing of the notice of appeal is one of statutory jurisdiction (allocating jurisdiction between the district courts and the courts of appeals), not a question of Article III jurisdiction, this Court is not obligated to address the issue if it is inclined to deny the Motion to Alter or Amend on the merits.  *See, e.g., Johansen v. Liberty Mut. Grp. Inc.*, 118 F.4th 142, 148 (1st Cir. 2024).  The Court would, however, lack authority to grant the Motion to Alter or Amend unless it first concluded that the Motion was timely when filed, thus preserving this Court's jurisdiction—which is an argument DOJ has not even made.

For the foregoing reasons, the Court should either decline to rule on the Motion to Alter or Amend on the ground that it was untimely and the notice of appeal has deprived the Court of jurisdiction or issue an opinion explaining that, even assuming that the Court has jurisdiction to act on the Motion, it would deny the Motion on its merits.  BCH respectfully submits that the most efficient course would be for the Court to deny the Motion on both grounds—as untimely

---

[1] We have found no case suggesting that a district court could issue an order after jurisdiction transferred to the court of appeals (such as granting leave to file a Rule 59 motion out of time) that would transfer jurisdiction over a case back to the district court.  Indeed, ascribing such a power to the district court would be contrary to the clarity that Fed. R. App. P. 4 is intended to provide regarding when a notice of appeal is effective to transfer jurisdiction to the court of appeals.

[2] DOJ should know the filing rules in this Court, and it offers no justification for its late filing here other than unjustified confusion about the applicable rules.  Moreover, contrary to DOJ's assertion, there is prejudice to BCH from allowing the late-filed Motion.  That Motion attempts, after the fact, to introduce new evidence (the Hsiao Declaration) that DOJ should have submitted earlier if it was going to do so at all.  Excusing the untimely Motion would have the effect of improperly expanding the record in this case.

and on the merits—so that all of the grounds have been passed on by this Court prior to appellate proceedings.

Dated:  November 13, 2025                    Respectfully submitted,


/s/ Joshua S. Levy                           /s/ Amanda Masselam Strachan
Joshua S. Levy                               Amanda Masselam Strachan
BBO# 563017                                  BBO# 641108
ROPES & GRAY LLP                             WILMER CUTLER PICKERING
800 Boylston Street                             HALE AND DORR LLP
Boston, MA 02119                             60 State Street
Telephone:  (617) 951-7000                   Boston, MA 02109
joshua.levy@ropesgray.com                    Tel: (617) 526-6000
                                             Fax: (617) 526-5000
Douglas Hallward-Driemeier                   amanda.masselamstrachan@wilmerhale.com
BBO# 627643
ROPES & GRAY LLP                             Boyd Johnson (pro hac vice)
2099 Pennsylvania Avenue                     Alan Schoenfeld (pro hac vice)
Washington, DC 10036                         WILMER CUTLER PICKERING
Telephone: (202) 508-4600                       HALE AND DORR LLP
douglas.hallward-                            7 World Trade Center
driemeier@ropesgray.com                      250 Greenwich Street
                                             New York, NY 10007
Brian R. Blais                               Tel.: (212) 230-8800
BBO# 660601                                  Fax: (212) 230-8888
ROPES & GRAY LLP                             boyd.johnson@wilmerhale.com
1211 Avenue of the Americas                  alan.schoenfeld@wilmerhale.com
New York, NY 10036
Telephone: (212) 596-9090                    Brian M. Boynton (pro hac vice)
brian.blais@ropesgray.com                    WILMER CUTLER PICKERING
                                                HALE AND DORR LLP
                                             2100 Pennsylvania Avenue NW
                                             Washington, DC 20037
                                             Tel.: (202) 663-6000
                                             Fax: (202) 663-6363
                                             brian.boynton@wilmerhale.com

                                             Counsel for Plaintiff The Children's Hospital
                                             Corporation d/b/a Boston Children's Hospital

## CERTIFICATE OF SERVICE

I hereby certify that on November 13, 2025, the foregoing was filed via the ECF system, which will serve counsel of record via email.

Dated: November 13, 2025

/s/ Amanda Masselam Strachan
Amanda Masselam Strachan
BBO# 641108
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
Tel: (617) 526-6000
Fax: (617) 526-5000
amanda.masselamstrachan@wilmerhale.com